UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID N. KHAN, | No. 2:22-cv-00954 KJM AC PS |
| Plaintiff, | |
| v. | <u>ORDER</u> and |
| U.S. BANK NATIONAL ASSOCIATION and S.A. CHALLENGER, INC., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and has submitted the affidavit required by that statute. <u>See</u> 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

**I. The Screening Requirement**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

1

The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.     The Complaint

Plaintiff sues U.S. Bank National Association and S.A. Challenger for various unlawful conduct regarding a property at 611 16th St., Sacramento, CA 95814.  ECF No. 1 at 2.  The actions at issue took place in and around 2013.  Id.  Plaintiff filed an identical case against the same defendants in 2013:  Khan v. U.S. Bank National Association, et al., 2:13-cv-02596-KJM-CKD (E.D. Cal.) ("Khan I").  The complaint in the case at bar is the same as the Second Amended Complaint in Khan I, located in that case at ECF No. 24.  In Khan I, the case was dismissed for plaintiff's lack of standing.  ECF Nos. 31, 39, 40, 42.

## III.     This Case is Barred by Res Judicata

The claims that plaintiff brings here have already been litigated Khan v. U.S. Bank National Association, et al., 2:13-cv-02596-KJM-CKD (E.D. Cal.).  That action was dismissed in its entirety, with prejudice.  Kahn I at ECF No. 40.  The current action is therefore barred by the doctrine of res judicata and must be dismissed.

The legal doctrine of res judicata "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits."  United States v. Tohono of Odham Nation, 131 S.Ct. 1723, 1730 (2011) (internal quotation marks omitted).  Res judicata prevents the litigation of claims for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.  Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940).  "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."  Tahoe–Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir.2003) (internal quotation marks omitted).

Here, the parties are the same.  Compare, ECF No. 1 at 1 with Khan I, ECF No. 24 at 1.  The facts and claims of each case are identical.  Id.  Indeed, it appears plaintiff simply placed the

3

new case number over the same document used in <u>Khan I</u>.  There is privity between the parties: the same parties are litigating over the identical transactions.  Where the parties in both actions are identical, they are "quite obviously in privity."  <u>Tahoe-Sierra Pres. Council, Inc.</u>, 322 F.3d at 1081.  All the elements are met, and the doctrine of res judicata requires that this action be dismissed with prejudice.

### IV.   Leave to Amend Is Not Appropriate

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, this action is barred by the doctrine of res judicata, and amendment cannot cure this defect.  The complaint should therefore be dismissed without leave to amend.

### V.   Pro Se Plaintiff's Summary

The magistrate judge is recommending that your case be dismissed because it is identical to a case you already filed and that was already ruled on.  You cannot file a new case to get a different result if a court has already ruled on your claims. The district judge will make the final decision.

### VI.  Conclusion

Because plaintiff has submitted the required documentation, it is ORDERED that the motion to proceed IFP (ECF No. 2) is GRANTED.

It is further RECOMMENDED that this action be DISMISSED with prejudice as barred by the doctrine of res judicata.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, parties may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 7, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE