UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID N. KHAN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-00954-DAD-AC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 13) |

　　　　This matter is before the court on plaintiff's *pro se* motion for reconsideration of the court's order dated September 6, 2022, in which the court dismissed this action with prejudice because it is barred pursuant to the *res judicata* doctrine and directed that this case be closed (Doc. No. 6). (Doc. No. 13.)

　　　　Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

1

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order. Rather, in his motion, plaintiff merely restates the allegations in his complaint and reiterates his argument that his claims were "never tried or heard on the merits." (Doc. No. 13 at 7.) But the court already rejected that argument (*see* Doc. No. 6 at 2), and plaintiff does not articulate any basis upon which the court should reconsider its conclusion that this action is barred by the doctrine of *res judicata*. Thus, plaintiff's motion for reconsideration does not provide any basis upon which to reconsider the court's order dismissing this action and closing this case.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 13) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated: **March 9, 2023**

_____
UNITED STATES DISTRICT JUDGE